```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION
```

ANTONIO L. FREEMAN              ]
     Plaintiff,                 ]
                                ]
v.                              ]        No. 3:09-0904
                                ]        Judge Trauger
KEVIN BARKER, et al.            ]
     Defendants.                ]


### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Sumner County Jail in Gallatin, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Kevin Barker and his employer, the Gallatin Police Department, seeking injunctive relief and damages.

On August 20, 2008, Officer Barker stopped a vehicle being driven by the plaintiff. During the course of this stop, the vehicle was searched and a loaded pistol was found. According to attachments to the complaint, the plaintiff was then arrested and charged with being a convicted felon in possession of a firearm.

The plaintiff claims that Officer Barker did not have probable cause to stop and search the vehicle. He argues, therefore, that his arrest and the seizure of his "rent" money was illegal.

The complaint was signed and presumably placed in the jail's postal system on September 25, 2009. The plaintiff's claims arose when he was arrested and his money was seized on August 20, 2008.

Thus, it appears that this action is time-barred by the one year statute of limitations imposed upon civil rights claims brought in Tennessee. Merriweather v. City of Memphis, 107 F.3d 396, 398 (6th Cir.1997). Nothing in the complaint suggests that the statute should be tolled so as to permit the untimely filing of the complaint. The Court, therefore, concludes that this action is untimely and is not subject to adjudication. Pino v. Ryan, 49 F.3d 51, 53-54 (2d Cir.1995); *see also* Watson v. Wigginton, 16 F.3d 1223, 1994 U.S. App. LEXIS 1329, No.93-6023 (unpublished; 6th Cir. January 24, 1994).

The plaintiff has failed to state a timely claim for relief. Under such circumstances, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge